NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JATINDER SINGH,

　　　　　Petitioner,

v.

PAMELA BONDI, Attorney General,

　　　　　Respondent.

No. 24-399

Agency No.
A201-738-845

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 24, 2025
Phoenix, Arizona

Before: BERZON and BENNETT, Circuit Judges, and TUNHEIM, District
Judge.**
Partial Dissent by Judge BENNETT.

　　　Jatinder Singh is a citizen of India who entered the United States without

inspection after having been previously removed. The Department of Homeland

Security ("DHS") reinstated Singh's prior removal order. Singh expressed a fear of

---

*　　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**　　　The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

persecution and torture by the ruling Bharatiya Janata Party ("BJP") if returned to India, which triggered reasonable fear proceedings under 8 C.F.R. §§ 208.31, 1208.31. An asylum officer ("AO") denied Singh's claims for relief from removal after an initial screening interview, and an immigration judge ("IJ") summarily affirmed. Singh petitions for review of that decision.

1. Singh first challenges the agency's determination that he did not provide credible testimony to support his claims for relief.

a. Singh exhausted this challenge. The Immigration and Nationality Act's exhaustion provision requires that the agency was put "sufficiently on notice" so that it "had an opportunity to pass" on a given issue. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004)). During the review hearing before the IJ, Singh's counsel argued that he had been "pretty clear . . . that he was harmed three times . . . by both BJP and the police," explaining that that inconsistency was not "so major that he should be found not credible." These contentions put the agency on notice that Singh contested the credibility determination.

b. We "judge the propriety of [agency] action solely by the grounds invoked by the agency." *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 786 (9th Cir. 2004) (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). As the IJ summarily adopted the reasoning and finding of the AO, we evaluate "only the reasoning

2

presented by" the AO. *Id.*

i. One "inconsistency" identified by the AO does not stand up to scrutiny. According to the AO's interview notes, Singh testified that the attackers took issue *both* with his political affiliation with the Mann Party *and* with his opposition to the BJP's drug trade. After the AO told Singh that he had testified inconsistently about the attackers' motives and asked him to clarify, he reiterated that he was targeted "for both reason[s]"—"because of the party and I opposed them when they came to [s]ell drugs." A factfinder may not "cherry pick solely facts favoring an adverse credibility determination while ignoring facts that undermine that result." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010). The AO's conclusion that Singh was inconsistent in his testimony on the attackers' motives is not supported by substantial evidence.[1]

ii. The AO identified two other "inconsistencies": the identity of Singh's attackers and the frequency of BJP attacks. Given Singh's testimony, these inconsistencies are two sides of the same coin: Either Singh was attacked three times by the BJP, or two times by the BJP and once by the police. We thus treat the

---

[1] Also, the AO did not adequately justify the purported inconsistency in her written decision. She wrote that Singh's explanation for the purported discrepancy in his motive testimony was "not reasonable because [it] create[d] additional inconsistencies." She did not state what the "additional inconsistencies" were, nor is the object of that observation self-apparent. The AO's explanation thus was not sufficiently "specific" or "cogent." *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022) (quoting *Shrestha*, 590 F.3d at 1043).

two discrepancies as one.

There is some support for the conclusion that Singh's testimony on this point was inconsistent. At the beginning of his interview, Singh testified that he had been physically harmed in India "once during the farmer protests and 1 or 2 other times." When the AO asked him to clarify, he said he was "beaten[] 3 times" by the "BJP party workers." The AO asked again, "Other than BJP, [were] you harmed by anyone else or do you fear being harmed by anyone else?" Singh responded, "No." Later in the interview, Singh said that the BJP did not harm him again after the first two attacks he described. When the AO asked Singh to clarify, Singh explained that "[t]hese people harmed me 2 times but the other time it was a normal attack," and he "was harmed with normal people at a farmers protest[]" in July 2021 where the "[p]olice was beating with a stick."

But this inconsistency, on its own, only weakly supports the agency's credibility determination. Singh said that he was attacked three times in total and consistently explained that one of those incidents occurred during the farmer protests. Singh saw the BJP members who attacked him as representatives of the government. He recalled that the BJP party members who attacked him drove a government vehicle and later testified that "the government is bjp." Singh's testimony, then, reflects a conflation of the ruling party and the state, rather than representing the kind of "evolving story" that "one would expect if a petitioner is

4

fabricating or embellishing past harms." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022).

iii. In sum, the agency's adverse credibility determination hinges on two purported inconsistencies, one of which is undermined by the record and the other of which is weakly supported. "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021). Rather, we look to the "totality of the circumstances" in assessing the soundness of the agency's adverse credibility finding. *Id.* (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Where this court rejects a substantial portion of the agency's findings, it may "decline to engage in line drawing" and instead remand to the agency for reconsideration in light of the court's decision. *Barseghyan v. Garland*, 39 F.4th 1138, 1146 (9th Cir. 2022); *see also Kumar v. Garland*, 18 F.4th 1148, 1155-56 (9th Cir. 2021); *Kalulu v. Bondi*, 128 F.4th 1009, 1022 (9th Cir. 2024), *as amended and superseded on denial of reh'g en banc*.

We grant the petition and remand for the limited purpose of determining whether the lone surviving inconsistency in Singh's testimony (*i.e.*, whether he was attacked three times by BJP members or two times by the BJP and once by the police during the farmer protests) is enough to sustain the adverse credibility determination under the totality of the circumstances. "We remand on an open

record so that the government and [Singh] can provide additional evidence if they choose." *Barseghyan*, 39 F.4th at 1146.

2. We reject Singh's due process challenge.

a. Singh did not raise due process concerns about the AO's screening interview to the IJ, as required under the circumstances here. *See* 8 U.S.C.A. § 1252(d)(1); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 949 (9th Cir. 2021). Any argument that the AO's screening procedure violated his due process right is forfeited.

b. As to the review hearing, the IJ's conduct did not violate Singh's right to due process.

First, the IJ did not infringe on Singh's constitutional right by failing to let him explain inconsistencies in his testimony before the AO. The IJ took new evidence, which neither rehabilitated nor further undermined Singh's credibility, but then issued a decision adopting the AO's finding and reasoning, without opining on any of the new evidence she had accepted. Under these circumstances, we focus on the AO's decision. It is sufficient that the AO gave Singh an opportunity to explain his inconsistencies.

Second, the IJ did consider the evidence *de novo*. The presumption that the agency has reviewed the evidence before it, *see, e.g., Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000), may be overcome where the agency's written

decision does not demonstrate "reasoned consideration" of "potentially dispositive" testimony or documentary evidence. *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011). Here, although the IJ's order was boilerplate, there is no basis for doubting that the IJ considered the evidence before her or that she deferred to the AO. The IJ reviewed "previously produced evidence, along with the asylum officer[']s notes; heard additional testimony from [Singh] in his native tongue; and accepted additional documents supporting his claim." *Bartolome v. Sessions*, 904 F.3d 803, 812 (9th Cir. 2018). That the IJ did not address the new evidence, which was not potentially outcome-determinative, *see Cole*, 659 F.3d at 772, in her decision does not mean she failed to consider it, *see Bartolome*, 904 F.3d at 807.

Finally, the IJ did not fail to make an independent record or to develop the record. The review hearing is not a full merits hearing, but rather an "abbreviated" proceeding not "envisioned to be [a] full evidentiary" hearing, *Bartolome*, 904 F.3d at 813. Moreover, the IJ's duty to develop the record applies where a noncitizen appears pro se. *See Jacinto v. INS*, 208 F.3d 725, 734 (9th Cir. 2000). Singh's counsel had ample opportunity to rehabilitate his credibility at the review hearing.

We reject Singh's due process challenge.

3. As the agency's credibility finding rests on one inconsistency that is not supported by the record and one that is weakly supported, we **GRANT** Singh's petition on this point and **REMAND** this case to the agency to consider whether an adverse credibility determination is warranted, "in light of the totality of the circumstances." *Barseghyan*, 39 F.4th at 1146. Singh's due process challenge is denied.



*Singh v. Bondi*, No. 24-399

BENNETT, Circuit Judge, dissenting in part:

I concur with the majority that Singh's due process rights were not violated. But even agreeing with the majority that one of the three inconsistencies identified by the Asylum Officer (AO) was unsupported by the record, looking to the totality of the circumstances—as we are required to do—I would hold the AO's adverse credibility finding was still supported by sufficient evidence.[1]  I would thus affirm the adverse credibility finding.

 "[W]e recently overruled our longstanding authority 'requir[ing] us to sustain an adverse credibility finding if *one* of the agency's identified grounds is supported by substantial evidence.'"  *Shen v. Garland*, 109 F.4th 1144, 1160 (9th Cir. 2024) (alterations in original) (quoting *Alam v. Garland*, 11 F.4th 1133, 1134 (9th Cir. 2021) (en banc)); *see also Alam*, 11 F.4th at 1137 (declining to adopt a "bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination").  Following *Alam*, we must look to the "totality of the circumstances" in assessing an adverse credibility finding.  11 F.4th at 1135 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  And "[t]aking the totality of the circumstances into account, we review . . . [a] credibility determination for

_____

[1] As the majority highlights, Maj. at 2–3, the immigration judge summarily adopted the reasoning and finding of the AO, and we thus evaluate "only the reasoning presented by" the AO, *cf. Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 786 (9th Cir. 2004).

1

substantial evidence." *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021).  We "must accept 'administrative findings,'" including adverse credibility determinations, "as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Garland v. Dai*, 593 U.S. 357, 365 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

In post-*Alam* cases when only some (but not all) inconsistencies are supported by the record, we have typically vacated an adverse credibility finding only when the number of unsupported inconsistencies significantly outweighs the number of supported inconsistencies.  *See, e.g.*, *Kumar*, 18 F.4th at 1155–56 (remanding when only two of six grounds for an adverse credibility determination were supported); *Barseghyan v. Garland*, 39 F.4th 1138, 1143–46 (9th Cir. 2022) (remanding when only one of four grounds for an adverse credibility determination was supported); *see also Alam*, 11 F.4th at 1134–35, 1137 (remanding to the three-judge panel to apply the newly announced standard of review when only one of seven grounds for an adverse credibility determination was supported).

The analysis is not a purely quantitative one.  Remand was justified in the cases above because each time, "the *several* rejected findings . . . all but gut[ted] the . . . adverse credibility determination[s]."  *Kumar*, 18 F.4th at 1156 (emphasis added).  But we have declined to vacate an adverse credibility finding even when most of an agency's cited inconsistencies have been found unsupported by the

2

record, so long as the remaining inconsistencies suffice to justify an adverse credibility finding. *See Kalulu v. Bondi*, 128 F.4th 1009, 1014, 1022 (9th Cir. 2024) (upholding an adverse credibility finding when only five of thirteen grounds were supported by the record because substantial evidence still supported an adverse credibility finding), *as amended* (Feb. 13 2025); *see also Edgar G.C. v. Garland*, 109 F.4th 1230, 1246 (9th Cir. 2024) (endorsing *Kalulu*'s principle that "the mere presence of some credible testimony [does] not undermine . . . substantial evidence supporting an adverse credibility finding").

As the majority acknowledges, two of the three purported inconsistencies on which the AO relied *were* supported by the record,[2] and this court has found "two inconsistencies . . . both supported by substantial evidence . . . sufficient to support [an] adverse credibility determination." *Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021); *see also Fa v. Garland*, No. 23-44, 2024 WL 1636723, at *2 (9th Cir. Apr.

_____

[2] I disagree with the majority that the two distinct inconsistencies in Singh's testimony are "two sides of the same coin," Maj. at 3. When directly asked, Singh testified that he had *only* been harmed by the ruling Bharatiya Janata Party (BJP), "once during the farmer protests and 1 or 2 other times." So, Singh's original claim was that he was harmed by BJP two or three times. On further questioning, he added a claim that he had been beaten once by police and stated that BJP had harmed him twice. In sum, Singh was inconsistent about (1) the number of times he was attacked, going from two or three to definitively three; and (2) the identity of his attackers, first alleging he was harmed only by BJP and then alleging he was harmed by both BJP and the police.

3

16, 2024) (upholding an adverse credibility determination based on "two inconsistencies").

And I have found no cases where this court has found one unsupported inconsistency alone sufficient to vacate an adverse credibility finding, let alone any cases vacating an adverse credibility finding when—as here—most inconsistencies are supported by the record. To the contrary, we have typically found that even one inconsistency will support a determination of adverse credibility so long as it is "central" to the relevant claim of persecution. *Guzman v. Garland*, No. 21-70987, 2024 WL 2930973, at *2 (9th Cir. June 11, 2024); *see also Singh v. Garland*, No. 23-1427, 2024 WL 3026773, at *2 (9th Cir. June 17, 2024); *Luo v. Garland*, No. 20-72504, 2023 WL 2054352, at *1 (9th Cir. Feb. 16, 2023).

*Kalulu* is instructive as to how countervailing inconsistencies—supported and unsupported—should be weighed. In instances when only some inconsistencies are supported by the record, we look to whether "once [the] unsupported reasons are disregarded, substantial evidence remains to support the agency's determination that [petitioner] was not credible." *Kalulu*, 128 F.4th at 1015.

Applying that test to this case, the record demonstrates that Singh provided inconsistent testimony on matters central to his claims of persecution, such as the number of times he was attacked and the identity of his attackers. And "[a]lthough inconsistencies no longer need to go to the heart of the petitioner's

4

claim, when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010). Our finding that one inconsistency was unsupported by the record but two inconsistencies at the heart of Singh's claim were supported by the record would not "all but gut" the agency's adverse credibility determination, as is required to justify vacating the adverse credibility finding. *Kumar*, 18 F.4th at 1156.

We must accept the adverse credibility determination "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Dai*, 593 U.S. at 365 (quoting 8 U.S.C. § 1252(b)(4)(B)). I do not believe the record comes close to demonstrating that "any reasonable adjudicator" would be compelled to reverse the agency's finding. And even a finding that Singh was not in fact inconsistent about the *reasons* he was allegedly attacked by the BJP would not suffice to rehabilitate Singh's inconsistent testimony on significant details at the heart of his claim. I accordingly do not believe vacating the adverse credibility finding is warranted, and so I respectfully dissent.

5